SCHULTZ, Administratrix, Appellant, vs. PAHLOW OIL COMPANY and another, Respondents.

*November 9—December 8, 1936.*

For the appellant there was a brief by *Adolph P. Lehner* and *Lehner & Lehner* of Oconto Falls, attorneys, and *Eugene Clifford* of Juneau of counsel, and oral argument by *Philip Lehner* and *Doris E. Lehner*.

For the respondents there was a brief by *Olwell & Brady,* and oral argument by *W. F. Radke* and *A. McG. Schlesinger,* all of Milwaukee.

FRITZ, J.   This action is brought to recover damages sustained by reason of the injury and death of Leo Schultz as the result of the Pahlow Oil Company's alleged negligent operation of an automobile coupe belonging to it.   At the time of the accident, which happened forty miles south of Oshkosh, Hugo Pahlow was traveling in the automobile from Shawano to Milwaukee on a business trip for the company; and Leo Schultz and Meta Boehm were accompanying him.

On the trial it appeared without dispute that Pahlow drove the car, and that Miss Boehm sat in the middle and Schultz at the right side of the seat from the time they left Shawano at 11 p. m. until they were five miles south of Oshkosh. There, according to Miss Boehm's and Pahlow's testimony, the latter changed places with Schultz, who then drove the car to the place of the accident.   On that testimony the court concluded that the evidence established without dispute that Schultz was driving the car at the time of the accident; and that, therefore, the defendants were entitled to have the court grant their motion for a directed verdict in their favor.

The plaintiff contends that the court erred in those respects because of credible evidence to the following effect: After the accident happened, Pahlow and Miss Boehm walked to a

near-by farmhouse and, at about 5 a. m., awakened the occupants, Richard Bodden and his wife. After telling them that there had been an accident, Pahlow and Miss Boehm returned with Richard Bodden to the Pahlow automobile, and found Schultz's dead body lying between the left fender and the hood, with his head down on the running board. The automobile was on the west half of the concrete roadway, facing south, and its tire tracks indicated that about one hundred fifty feet to the north it had gone off the concrete to the right shoulder, then crossed over to the left shoulder to a ditch, along which it ran until it rolled over completely and struck a telephone pole. Ten feet south of the pole there were blotches of oil and blood, and there, as tire tracks indicated, the wheels were spun until the car was moved on its power out of the ditch and back onto the west side of the concrete roadway. The left fender, running board, and door of the automobile were damaged and its top was off. The steering wheel and apparatus were in good order, but the windshield glass was out, with but jagged edges thereof remaining in the right windshield post, and on those edges there were skin, flesh, and blood. The right side of Schultz's face was scraped and bloody, and his skull and left temple were fractured.

Those undisputed physical facts in respect to the skin, flesh, and blood on the jagged edges of the glass, which remained in the right windshield post, and the scraped and bloody condition of the right side of Schultz's face, and his fractured skull, are circumstances which convincingly indicate that he was thrown through the right side of the windshield; and those circumstances, in connection with the further fact that the steering wheel was not damaged, reasonably warrant the inference that he was not behind the steering wheel and driving the car at the time of the accident.

Furthermore, that Schultz was not then driving the car could also be reasonably inferred from testimony, which

could be considered credible by the jury, to the following effect: Five days after the accident Miss Boehm told the plaintiff, at the hospital, that the first she learned of the accident was when Hugo Pahlow slapped her on the knee and said, "Meta, what happened," and that he was then behind the wheel. Pahlow, on the day after the accident, told the plaintiff that he was driving the car and was sleeping at the time of the accident. He told Richard and Hilda Bodden, after awakening them at their house, that Miss Boehm was driving and he was sleeping. Before he and Miss Boehm were taken to the hospital, he first told Hugo Zastrow that he did not know but thought that she was driving, and then later said that she was not driving. While he and Miss Boehm were being driven to the hospital by Joseph Gottwald, and she tried to say something regarding the accident, Pahlow told her, "You keep your darned mouth shut." It is obvious that all of those statements by Miss Boehm and Pahlow contradict, or at least render doubtful, the truth of their testimony on the trial that Schultz was driving the car when the accident occurred.

Consequently, in view of those statements and the physical facts mentioned above, there was an issue for the jury as to whether Schultz was driving the car at that time, and the court was in error in concluding that the evidence conclusively established that Schultz was then driving, and that therefore the defendants were entitled to the direction of a verdict in their favor.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.